IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE L. TURNER, JR. PLAINTIFF

v. Civil No. 6:26-cv-06082-SOH-MEF

DRIVER OF ARKANSAS DEPARTMENT OF CORRECTIONS TRANSPORT TEAM; ARKANSAS DEPARTMENT OF CORRECTIONS; and ARKANSAS DEPARTMENT OF CORRECTIONS INSURANCE COMPANY DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Tyrone L. Turner, Jr., filed this action alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on preservice review under 28 U.S.C. § 1915A(a). For the reasons given below, the undersigned recommends that Plaintiff's Second Amended Complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff, who was incarcerated in the Arkansas Division of Corrections ("ADC") Omega Center in Malvern, Arkansas, has brought two claims in this lawsuit, regarding events that he alleges occurred on May 14, 2026, and their aftermath. Specifically, he alleges that on the morning of May 14, while he was being transported by ADC officers from the Howard County Jail to the Omega Center, the driver of the van he was in backed into a cement pole. *See* ECF No. 12, pp. 4–5. Plaintiff claims that the driver never stopped to assess the vehicle or check on the passengers, but instead "just pulled off as if nothing happened." *See id.* at 5. He says that he "requested

medical attention once I realized I soiled my underwear and my neck was hurting," but both of the officers accompanying him in the back of the van "ignored my request." *See id.* He repeated his request again at a later point during the trip, but says the officers "continued to ignore me until we arrived at the Omega Unit around 4pm." *See id.* Plaintiff asserts that these events violated his constitutional rights to due process and medical care. *See id.* at 4. He brings this claim against the unidentified "Driver of ADC Transport Team," and against the ADC generally. *See id.*

Plaintiff's second claim concerns the treatment he received at the Omega Center for his neck injury. He alleges that once he arrived he requested medical attention from the medical staff there, and that he was told "to put in a sick call." *See id.* at 6. Plaintiff claims that he did not see a nurse until the next day, and that he was given medication for his pain "which was nowhere near sufficient for my injury." *See id.* He further alleges that on May 19 a health care provider gave him two steroid shots to help with his discomfort. *See id.* Plaintiff claims that this treatment also amounted to an unconstitutional denial of proper medical care. *See id.* He brings this claim against unidentified "Medical Staff at the Omega Center," *see id.*, though he did not identify any such defendant(s) in the caption of his pleading or in the list of defendants at the top of that form, *see id.* at 1–3. In this lawsuit, Plaintiff is seeking "monetary damages in the amount of 1 million dollars" as relief for the injuries described in his two claims. *See id.* at 9.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or

it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

There are several fatal problems with Plaintiff's Second Amended Complaint. First, Plaintiff cannot seek monetary damages from the ADC, because the Eleventh Amendment provides states and state agencies with sovereign immunity from such claims. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989). Accordingly, the ADC should be dismissed from this lawsuit, as Plaintiff is only seeking relief in the form of monetary damages. *See* ECF No. 12, p. 9.

Second, with respect to the only other two defendants named in the caption of Plaintiff's operative pleading—the unidentified "Driver of ADC Transport Team," *id.* at 2, and the unidentified "ADC Insurance Company," *id.* at 3—Plaintiff does not appear to be basing his claims against them on anything other than the driver's apparent negligence in backing the van into a

cement pole. But although negligence is actionable under state tort law, it is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Indeed, even *gross* negligence is not actionable under § 1983. *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902–03 (8th Cir. 1994). To whatever extent Plaintiff is attempting to bring claims under Arkansas tort law against these defendants, this Court lacks subject-matter jurisdiction to hear those claims, as Plaintiff has not alleged that all the defendants reside in states other than Arkansas. *See* 28 U.S.C. § 1332(a); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Accordingly, those two defendants must also be dismissed.

Finally, Plaintiff purports in Claim 2 of his Second Amended Complaint to bring that claim against unidentified "Medical Staff at the Omega Center," *see* ECF No. 12, p. 6, although these defendants are not named in the caption of this pleading or in its section for "Defendant(s) Information," *see id.* at 1–3. As discussed in Section I of this Report and Recommendation above, this claim concerns the treatment Plaintiff received at the Omega Center for his alleged neck injury. A state actor violates the Constitution when it is deliberately indifferent to a prisoner's serious medical needs. *See De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 802 (8th Cir. 2022). A claim for deliberate indifference must satisfy two elements: (1) that Plaintiff had "an objectively serious medical need," and (2) that Defendants "knew of and disregarded that need." *Id.* But here, Plaintiff has not alleged that his medical needs were disregarded; rather, he simply disagrees with the treatment decisions that were made. He alleges that when he informed Omega Center staff of his injury, he was told how to lodge a request for medical attention; that he was seen by medical personnel for his neck injury the next day; that he promptly received medicine for his pain; and that he was given steroid injections a few days later. *See* ECF No. 12, p. 6. Plaintiff contends that the medication he was given "was nowhere near sufficient for my injury." *See id.* But a prisoner's "disagreement with . . . diagnoses and treatment decisions is not actionable under § 1983." *Reid*

*v. Griffin*, 808 F.3d 1191, 1192–93 (8th Cir. 2015). Accordingly, Plaintiff's claims against Medical Staff at the Omega Center must also be dismissed.

## IV. CONCLUSION

It is therefore RECOMMENDED that the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of October 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE